SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. 310294/2011

Judgment Creditor(s)
KEIMONEIA REDISH

# Income Execution

## The People of the State of New York

Judgment Debtor(s) (name and last known address)

DARRYL ADLER, THE ESTATE OF RONALD L. CIUBOTARU BY THE PUBLIC ADMINISTRATOR OF WESTCHETER COUNTY, R. STUMACHER, ST. BARNABAS HOSPITAL and ABDURAHM AHMED

TO THE ENFORCEMENT OFFICER, GREETING:

*The Enforcement Officer is the Sheriff, Marshal of the City or Constable of the Town or Village authorized by law to enforce income executions.*

☐ The interest rate for consumer debt pursuant to CPLR 5004 applies.

☒ This is not a consumer debt transaction.

A judgment was entered in the within court in favor of the Judgment Creditor(s) and the particulars are as follows:

| Court of Original Entry | Entry Date | Original Amount | Amount Due | Plus Interest From |
|---|---|---|---|---|
| SUPREME COURT, BRONX COUNTY | 1/23/2020 | $22,926,519.28 | $5,226,519.28 | 1/23/2020 |

The Judgment was recovered against Adler, Ciubotaru, Stumacher, St. Barnabas & Ahmed defendant(s) and transcripted with the Clerk of Westchester County County on 1/30/2020

This execution is issued against Darryl Adler whose last known address is 679 Warburton Ave, Apt. 5K, Yonkers, NY 10701 whose social security number is                    and who is receiving or will receive $ 13,846.00 for each bi-weekly pay period from the Employer. "Employer," herein, includes any payor of money to Judgment Debtor. The Employer's name and address is Northwell Health, 900 Franklin Avenue, Valley Stream, NY, Nassau County.

You are directed to satisfy the judgment with interest together with your fees and expenses, out of all monies now and hereafter due and owing to the Judgment Debtor from the Employer pursuant to CPLR § 5231.

**Directions to Judgment Debtor:** **You are notified and commanded immediately** to start paying to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation received or hereafter to be received from your Employer and to continue paying such installments until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied, and if you fail to do so within 20 days this Income Execution will be served upon the Employer by the Enforcement Officer.

**Directions to the Employer:** **You are commanded** to withhold and pay over to the Enforcement Officer serving a copy of this Income Execution on you: installments amounting to 10% (but no more than the Federal limits set forth in **I. Limitations on the amount that can be withheld,** below) of any and all salary, wages or other income, including any and all overtime earnings, commissions or other irregular compensation now or hereafter becoming due to Judgment Debtor until the judgment with interest and the fees and expenses of this Income Execution are fully paid and satisfied.

Dated New York, NY
December 22, 2022

_____ The name signed must be printed beneath
RICHARD A GURFEIN

*Attorney(s) for Judgment Creditor(s)* GURFEIN DOUGLAS LLP
*Office and Post Office Address* 11 PARK PLACE, NEW YORK, NY 10007

## Important Statement

This income execution directs the withholding of up to 10 percent of the judgment debtor's gross income. In certain cases, however, state or federal law does not permit the withholding of that much of the judgment debtor's gross income. The judgment debtor is referred to New York Civil Practice Law and Rules § 5231 and 15 United States Code § 1671 et seq.

### I. Limitations on the amount that can be withheld

A. An income execution for installments from a judgment debtor's gross income cannot exceed ten percent (10%) of the judgment debtor's gross income.

B. If a judgment debtor's weekly disposable earnings are less than *the greater of* thirty (30) times the current federal minimum wage ($7.25* per hour, or $217.50* ) *or the New York State minimum wage* *$15.00 per hour or $450.00 ) no deduction can be made from the judgment debtor's earnings under this income execution.

C. A judgment debtor's weekly disposable earnings cannot be reduced below the amount arrived at by multiplying thirty (30) times *the greater of* the current federal minimum wage ($7.25* per hour, or $217.50* ) *or the New York State minimum wage* *($15.00 per hour or $450.00 ) under this income execution.

for family members or former spouses, and those deductions equal or exceed twenty-five percent (25%) of the judgment debtor's disposable earnings, no deduction can be made from the judgment debtor's earnings under this income execution.

E. If deductions are being made from a judgment debtor's earnings under any orders for alimony, support or maintenance for family members or former spouses, and those deductions are less than twenty-five percent (25%) of the judgment debtor's disposable earnings, deductions may be made from the judgment debtor's earnings under this income execution. However, the amount arrived at by adding the deductions from earnings made under this execution to the deductions made from earnings under any orders for alimony, support or maintenance for family members or former spouses cannot exceed twenty-five percent (25%) of the judgment debtor's disposable earnings.

**NOTE: Nothing in this notice limits the proportion or amount which may be deducted under any order for alimony, support or maintenance for family members or former spouses.**

## II. Explanation of limitations

**Definitions**

**Disposable Earnings** – Disposable earnings are that part of an individual's earnings left after deducting those amounts that are required by law to be withheld (for example, taxes, social security and unemployment insurance, but not deductions for union dues, insurance plans, etc.).

**Gross Income** – Gross income is salary, wages or other income, including any and all overtime earnings, commissions, and income from trusts, before any deductions are made from such income.

**Illustrations regarding earnings:**

| If disposable earnings is: | Amount to pay or deduct from earnings under this income execution is: |
|---|---|
| (a) 30 times *the greater of* the federal minimum wage ($217.50* ) or the New York State minimum wage *($450.00 ) or less | No payment or deduction allowed. |
| (b) more than 30 times *the greater of* the federal minimum wage ($217.50* ) or the New York State minimum wage *($450.00 ) and less than 40 times *the greater of* the federal minimum wage ($290.00* ) or the New York State minimum wage *($600.00 ) | The lesser of: the excess over *the greater of* 30 times the federal minimum wage ($217.50* ) or the New York State minimum wage *($450.00 ) in disposable earnings, or 10% of gross earnings. |
| (c) 40 times *the greater of* the federal minimum wage ($290.00* or the New York State minimum wage *($600.00 ) or more | The lesser of: 25% of disposable earnings or 10% of gross earnings. |

### III. Notice: You may be able to challenge this income execution through the procedures provided in CPLR § 5231 (i) and CPLR § 5240.

If you think that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should act promptly because the money will be applied to the judgment. If you claim that the amount of your income being deducted under this income execution exceeds the amount permitted by state or federal law, you should contact your employer or other person paying your income. Further, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. New York State law provides two procedures through which an income execution can be challenged.

**CPLR § 5231 (i) Modification.** At any time, the judgment debtor may make a motion to a court for an order modifying an income execution.

**CPLR § 5240 Modification or protective order: supervision of enforcement.** At any time, the judgment debtor may make a motion to a court for an order denying, limiting, conditioning, regulating, extending or modifying the use of any post-judgment enforcement procedure, including the use of income executions.

*Based upon $7.25 federal minimum wage effective July 24, 2009 and the various New York State minimum wages effective December 31, 2016. Calculate and insert correct figures based on the minimum wage chart attached.

Note: Italicized language added by publisher in accordance with revisions to CPLR § 5231 (b) effective 1/1/16.

NOTICE: *(CPLR § 5230 property execution notice may be technically required by CPLR § 5231(a).)*

Pursuant to CPLR § 5205(l), $3,000 of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in CPLR § 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or restrain $3,000 in such an account.

Pursuant to CPLR § 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage prescribed in Labor Law § 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

## Return (for Sheriff's or Marshal's use only)

☐ Fully satisfied ........................................ 20............     ☐ Unstatisfied
☐ Partially satisfied .................................. 20............     $............................................

☐ Because I was unable to find the Garnishee (the Employer) within my jurisdiction I returned this Income Execution to Judgment Creditor's Attorney on ........................................ 20............

Date and time received:

☐ Marshal, City of ........................................................
☐ Sheriff, County of......................................................
☐ Constable of the    ☐ Town    ☐ Village of ..................